IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00464-FL

**Erica Miesha Boyd**,

        Plaintiff,

v.

**Caterpillar, Inc.,** et al.,

        Defendants.

**Memorandum & Recommendation**

    Plaintiff Erica Miesha Boyd has filed several complaints against her former employer and two former co-workers alleging employment discrimination, sexual harassment, and a violation of various employment laws. She also seeks permission to proceed without paying the filing fees and other costs associated with a civil action. But because Boyd should have brought this action in the Middle District of North Carolina, the undersigned recommends transferring this action to that district before addressing her case further.

    The federal venue statute, 28 U.S.C. § 1391, provides three methods to determine the appropriate venue for a civil action. First, a party may bring a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. § 1391(b)(1). Second, venue is appropriate in " a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" *Id.* § 1391(b)(2). And third, "if there is no district in which an action may otherwise be brought as provided" in § 1391, an action may be filed in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391(b)(3). When a case is filed in the wrong judicial district

the court "shall dismiss" the case or, if it is in the interest of justice, transfer the case to the correct district. *Id.* § 1406(a).

Boyd's Complaint demonstrates on its face that venue is not appropriate in the Eastern District of North Carolina. The Complaint states that all three defendants are residents of Lee County, North Carolina. D.E. 1–1 at 2, 1–2 at 2–3, 1–3 at 2. It also alleges that the events at issue occurred in Lee County, North Carolina. D.E. 1–1 at 3, 1–2 at 4, 1–3 at 3.

Venue is inappropriate in this district because Lee County is in the Middle District of North Carolina, not the Eastern District. 28 U.S.C. § 113(b). Given the nature of Boyd's claims, it is in the interests of justice to transfer this action to the correct district instead of dismissing it. Thus, the undersigned recommends that the court transfer this matter to the Middle District of North Carolina for all further proceedings.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: November 5, 2019

_____
Robert T. Numbers, II
United States Magistrate Judge

2